O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGIA H. KOVALESKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. CV 07-04544-MLG<br><br>MEMORANDUM OPINION AND ORDER |

　　Plaintiff Angia H. Kovaleski ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision should be reversed, and this action should be remanded for further proceedings.

**I.   Factual and Procedural Background**

　　Plaintiff was born on April 23, 1944. (Administrative Record ("AR") at 43). She has a college education and has relevant work experience as a controller. (AR at 16).

Plaintiff filed an application for DIB on December 23, 2003. (AR at 15). This application was denied on December 22, 2004. (AR at 15, 34-42).

An administrative hearing was held before Administrative Law Judge Sherwin F. Biesman. Plaintiff, who was represented by counsel, testified at the hearing. (AR at 238-56). On November 28, 2006, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act. (AR at 15-19). Specifically, the ALJ found the following: Plaintiff did not engage in substantial gainful activity during the relevant period; Plaintiff has a history of bronchial pneumonia with an ongoing bronchospastic component of asthma, which is a "severe" impairment; Plaintiff has no impairments that meet or equal one of the of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 ("the Listings"); and Plaintiff has the residual functional capacity ("RFC") for light work activity (*i.e.*, lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking six hours in an eight-hour workday, and sitting six hours in an eight-hour workday). (AR at 17-18). Given this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a controller and not under disability within the meaning of the Social Security Act. (AR at 18).

On May 16, 2007, the Appeals Council denied review. (AR at 5-8). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation of Disputed Issues on March 3, 2008. Plaintiff raises the following arguments:

1. The ALJ erred by failing to find that Plaintiff's neck, back, and right knee pain were not severe impairments.

    2.    The ALJ erred by failing to properly consider Plaintiff's testimony and make adequate credibility findings.

    3.    The ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence.

Plaintiff seeks remand for a new administrative hearing and further development of the record. (Joint Stipulation at 18). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 40; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Richardson*, 402 U.S. at 401). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick*, 157 F.3d at 720. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. <u>Discussion</u>**

    **A.  Severity of Impairments**

Plaintiff contends that the ALJ erred by not finding that her neck, back, and right knee impairments were severe.  Further, Plaintiff claims that the ALJ erred by not addressing the opinions of Plaintiff's treating physicians, Mark R. Needham, M.D. and Kevin Ehrhart, M.D.  The Court agrees with Plaintiff.

At step two, the Commissioner considers if a claimant has an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  This is referred to as the "severity" requirement and does not involve consideration of the claimant's age, education, or work experience.  20 C.F.R. § 404.1520(c); *see* 42 U.S.C. § 1382c(a)(3)(G).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1521(a).  Step two, then, is "a de minimis screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290; *Bowen v. Yuckert*, 482 U.S. 153-54 (1987).

With respect to Plaintiff's right knee condition, x-rays showed that Plaintiff was suffering from a torn meniscus.  (AR at 163-64, 181). After performing an arthroscopy on Plaintiff's right knee in May 2004, Dr. Ehrhart reported that Plaintiff was suffering from an internal derangement of the right knee with arthritic changes, involving severe grade IV changes to the patellofemoral joint, grade II changes to the medial femoral condylye and Grade II to III changes in the lateral compartment.  (AR at 197).  Dr. Ehrhart also stated that Plaintiff may,

at some point, need a knee replacement. (AR at 201).

Dr. Needham began treating Plaintiff for muscular pain in her back, neck, thigh, shoulders, arms and hips in September 2003. (AR at 173, 175). Plaintiff was referred to a rheumatologist and prescribed Voltaren (anti-inflammatory), Vicodin (analgesic), and Darvocet (analgesic). (AR at 186-88, 191). In April 2006, Dr. Needham noted that Plaintiff was experiencing pain with walking. (AR at 206). He diagnosed Plaintiff with migratory polyarthralgias (resolved without certain etiology) and probable lumbar spinal stenosis. (AR at 206). In July 2006, Dr. Needham also diagnosed with Plaintiff with trochanteric bursitis. (AR at 202).

The ALJ, as Plaintiff correctly objects, erred by failing to give proper consideration to the opinions of Dr. Needham and Dr. Ehrhart. Although both doctors were treating physicians, the ALJ did not even mention their findings in the Decision. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) (requiring ALJ to provide specific, legitimate reasons for rejecting treating physician's opinion).

The Commissioner asserts that the ALJ's step two finding was supported by substantial evidence, as he relied on the opinion of consultative examiner, Penny Pancoast, M.D. (Joint Stipulation at 6). However, the ALJ's evaluation of Dr. Pancoast's opinion was incomplete. Dr. Pancoast examined Plaintiff in August 2004. (AR at 117-22). Although Dr. Pancoast observed normal range of motion in Plaintiff's back and knees, she noted that Plaintiff had pain and stiffness in her neck when she flexed laterally, lumbosacral pain with forward flexion to 90 degrees, and difficulty with a tandem gait. (AR at 119-21). Dr. Pancoast opined that Plaintiff was suffering from osteoarthritis of the neck and back and a torn meniscus (right knee), for which a crutch or

cane had been prescribed.[1] Given these impairments, Dr. Pancoast found that Plaintiff would be able to lift and carry 10 pounds frequently and 20 pounds occasionally, stand and walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. (AR at 122). Dr. Pancoast further found that Plaintiff would have difficulty walking on uneven terrain, and that climbing, stooping kneeling and crouching should be limited to a third of the workday, due to her right knee pain. (AR at 122). In the Decision, despite summarizing much of Dr. Pancoast's report, the ALJ failed to discuss Dr. Pancoast's opinion that Plaintiff suffers from a torn meniscus of the right knee and osteoarthritis of the neck and back. (AR at 16-17). The ALJ also ignored Dr. Pancoast's finding that Plaintiff had knee-related work restrictions (difficulty walking on uneven terrain, climbing, stooping kneeling and crouching). (AR at 16-17, 122).

Given the impairments observed by Plaintiff's treating doctors and the work-related restrictions assessed by Dr. Pancoast, it is clear that the ALJ erred at step two of the sequential analysis. *See* 20 C.F.R. §§ 404.1520(c), 404.1521(b)(1) (Basic work activities include the abilities and aptitudes necessary to do most jobs, such as physical functions of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling). Accordingly, the ALJ's decision denying benefits was not supported by substantial evidence.[2]

---

[1] Dr. Pancoast also found that in July 2003 Plaintiff was diagnosed with bronchial pneumonia with an ongoing bronchospastic component of asthma and that Plaintiff has some stress incontinence. (AR at 121).

[2] Because the ALJ improperly rejected evidence from Plaintiff's treating and examining providers and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell*

**IV. Conclusion**

This case should be reversed and remanded so that the ALJ can further evaluate the medical evidence and make appropriate findings. *See Bunnell*, 336 F.3d at 1112.

**ORDER**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. It is **ORDERED** that this case be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  March 13, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

*v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court suggests, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.